SO ORDERED.

Dated: September 4, 2019

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

**Daniel P. Collins, Bankruptcy Judge**
_____

### Hearing Information:

**Debtor:** SVEN I. EBERSON
**Case Number:** 2:19-BK-07703-DPC  **Chapter:** 7
**Date / Time / Room:** TUESDAY, SEPTEMBER 03, 2019 01:30 PM  6TH FLOOR #603
**Bankruptcy Judge:** DANIEL P. COLLINS
**Courtroom Clerk:** RHONDA VAUGHAN
**Reporter / ECR:** RENEE BRYANT

### Matter:

Reaffirmation Agreement filed on behalf of Toyota Motor Credit Corporation (2017 Toyota 4Runner)
**R / M #:** 24 / 0

### Appearances:

CODY J. JESS, ATTORNEY FOR SVEN I. EBERSON
SVEN I. EBERSON, PRESENT

# Minute Entry

(continue)... 2:19-BK-07703-DPC    TUESDAY, SEPTEMBER 03, 2019 01:30 PM

*Proceedings:*

**COURT:**

On July 31, 2019, Debtor(s) filed a request to approve a reaffirmation agreement ("Reaffirmation Agreement") on a debt ("Debt") owed to Toyota Motor Credit (Creditor") and secured by a 2017 Toyota 4Runner ("Collateral").

On September 3, 2019, at 1:30 p.m., the Debtor(s) appeared at a hearing on approval of the Reaffirmation Agreement. At the hearing, the Court was informed that the Debtor(s) is/are current on payments to the Creditor and that the Collateral is insured. After reviewing the Reaffirmation Agreement, the Debtor'(s) Statement of Intention and Schedules, including Schedules I and J, and after conducting a hearing on the Reaffirmation Agreement:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Debtor(s)' request to approve the Reaffirmation Agreement is DENIED because the Court finds, that it is not in the Debtor'(s) best interest to reaffirm the Debt and/or, to the extent applicable, the presumption of hardship under 11 U.S.C. § 524(m) has not been overcome by the Debtor(s) or Creditor.

2. The Debtor(s) has/have, however, complied with the requirements of 11 U.S.C. § 362(h) and 521(a) by timely indicating an intent to reaffirm the Debt and by executing the Reaffirmation Agreement. Because the Debtor(s) has/have complied with the requirements of 11 U.S.C. § 362(h) and 521(a)(2), 11 U.S.C. § 521(d), which makes "*ipso facto* default" clauses enforceable, does not apply in this case. See In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007). Accordingly, CREDITOR MAY NOT REPOSSESS THE COLLATERAL AFTER DEBTOR (S)' DISCHARGE IS ENTERED BASED SOLELY ON DEBTOR (S)' FILING OF THIS BANKRUPTCY CASE.

3. Because the Debtor(s) has/have complied with the requirements of § 362(h) and 521(a)(2) and is current on the Debt to Creditor, Debtor(s) may retain the Collateral so long as he/she/they continue(s) to make timely payments and complies(y) with the requirements of Creditor's loan documents ("Loan Documents").

4. Acceptance of payments from the Debtor(s), pursuant to the terms of this

Page 2 of 3

Case 2:19-bk-07703-DPC    Doc 42    Filed 09/04/19    Entered 09/04/19 08:25:24    Desc
Main Document    Page 2 of 3    09/04/2019   8:23:25AM

order, is NOT a violation of 11 U.S.C. § 524(a)(2).

IT IS FURTHER ORDERED that, to the extent possible within its system, the Creditor is authorized to send monthly informational statements concerning the Debt to the Debtor(s).

Notice to be sent through the Bankruptcy
Noticing Center "BNC" to the following:

CODY J. JESS cjess@law−msh.com
db SVEN I. EBERSON, JR. 3302 N 7TH ST #363 PHOENIX, AZ 85014
cr TOYOTA MOTOR CREDIT CORPORATION  14841 Dallas Parkway, Suite 425 Dallas, TX 75254